UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BREAKING GLASS PICTURES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-75 |
| v. ) | (PHILLIPS/GUYTON) |
| ) | |
| DOES 1-283, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02 to address pending motions to quash, to which the Plaintiff have objected.

Plaintiff alleges that the putative Defendants used BitTorrent protocol to download various motions pictures in violation of Plaintiffs' copyrights. The undersigned entered an Order in this case permitting the Plaintiff to take limited discovery prior to conducting a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedure. The Court authorized limited, early discovery to allow the Plaintiff to ascertain the identities of Defendants, who were only known by their Internet Protocol ("IP") addresses. Specifically, the Court granted Plaintiff leave to subpoena the name, address, and phone number of the persons or entities who used the IP addresses associated with the alleged infringement. The instant motions followed.

Pursuant to Rule 45, a court *must* quash a subpoena that: "fails to allow a reasonable time to comply"; "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . ."; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court *may* quash a subpoena that requires: disclosing a trade secret or similar confidential information; disclosing an unretained expert's opinion; or "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." Fed. R. Civ. P. 45(c)(3)(B).

The subpoenas in this case commanded production of "the name, address, and phone number of the persons or entities," who used the IP addresses listed in the subpoena. These subpoenas were served upon Internet Service Providers ("ISP"), such as Charter Communications. As an initial matter, the Court finds that the subpoenas at issue do not require travel that is in excess of 100 miles. The Court further finds that the subpoenas do not call for disclosing an unretained expert's opinion, nor do they command disclosure of a trade secret or similar information.

With regard to the burden of production, the Court finds, first, that the subpoenas are not directed toward the Defendants, who filed the instant motions. There is no burden of production on these persons, and "if anyone may move to quash these subpoenas on the basis of undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011). The ISPs have not moved to quash based upon an undue burden, and the Court finds that the Defendants have no basis for arguing that an undue burden has been imposed upon them.

2

Case 3:13-cv-00075-TAV-HBG   Document 29   Filed 06/13/13   Page 2 of 5   PageID #: 149

The Court finds that the only basis on which the Defendants could potentially quash the subpoenas is by arguing that the subpoenas require production of privileges or protected matters. "The Sixth Circuit has observed that '[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought.'" Johnson v. Guards Mark Sec., No. 4:04 CV 2447, 2007 WL 1023309, at *1 (N.D. Ohio Mar.31, 2007) (quoting Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997)). "The only basis upon which a party could have standing to quash a non-party subpoena would be a claim or personal right or privilege." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (citing Hackmann v. Auto Owners, Ins. Co., 2009 WL 330314 (S.D. Ohio Feb.6, 2009); Donahoo v. Ohio Dept. Of Youth Services, 211 F.R.D. 303, 306 (N.D. Ohio 2002).

The Court, however, finds that the subpoenas do not seek information in which the Defendants have a privilege or other privacy interest. The Court finds the thorough analysis of this issue in First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011), to be particularly persuasive. The court in First Time Videos was presented with facts almost identical to those before this Court and found that "the identifying information subpoenaed neither qualifies for protection as 'privileged' nor is otherwise protected under the First Amendment right to engage in anonymous speech on the Internet." Id. at 247.

The putative Defendants have not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure. Moreover, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number,

3

and email address – as they have already conveyed such information to their ISPs." Id. (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)). Because the putative Defendants have already shared the information sought in the subpoena with the ISP for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

With regard to the United States Constitution, the Court finds that the subpoenas do not infringe upon a right to anonymous speech because anonymous speech does not enjoy absolute protection under the First Amendment to the Constitution. "Indeed, copyright infringement is not protected by the First Amendment." First Time Videos, 276 F.R.D. at 248 (citing Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560 (1985); Arista Records v. Does 1–19, 551 F.Supp.2d 1, 9 (D.D.C. 2008)). Any First Amendment right to remain anonymous "must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copy right infringement claims." Arista Records, 551 F.Supp.2d at 9. The Court, therefore, finds that the subpoenas cannot be quashed based upon a right or privilege under the First Amendment to the Constitution.

Accordingly, and after reviewing each of the Motions to Quash, the Court finds that the Defendants have not established any privilege in or right to protect their names, addresses, and phone numbers.

To the extent the parties have argued innocence in their motions to quash, the Court finds that there is no basis for quashing a subpoena under Rule 45 based upon a general denial of liability. See First Time Videos, 276 F.R.D. at 250. "A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." Id. The putative Defendants may deny their

liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability.

Based upon the foregoing, the Court finds that the Motions to Quash **[Docs. 7, 10, 11, 13, 14, 18]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge